No. 673 July 15, 2026 545

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZACHARY CHARLES SMITH,
*Defendant-Appellant.*

Coos County Circuit Court
23CR41932, 23CR62729; A185944 (Control), A185945

Andrew E. Combs, Judge.

Submitted June 16, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.011, reckless driving, ORS 811.140, failure to perform duties of driver-property damage, ORS 811.700, and two counts of criminal driving while suspended or revoked, ORS 811.182. Defendant was apprehended in the basement of a house after an investigation which included questioning of other occupants of the house by the police.

In defendant's single, unpreserved assignment of error, he contends that the trial court plainly erred when it "permitted the state to argue that 'rules' prevented the state from presenting all its evidence." At trial, the prosecutor, in his rebuttal closing argument, referred to the existence of police bodycam footage and the contents of statements made by others in the house, neither of which was in evidence. Referring to an earlier instruction by the trial court, the prosecutor indicated that this evidence could not be presented because of the "rules":

> "[Defense counsel] wants to say it's assumptions but they have to, they, you heard them. Whenever they try to say what someone says they can't do that. They can't say, well, I talked to this person and he told me this. I talked to this person and she told me that. They can't do that. So we can't just put up the body cam of the entire interaction and say here you go. Here's the evidence and just run with it. Those are the rules that we have to follow."

Defendant did not object at trial but claims on appeal that he did not receive a fair trial under the plain-error analysis outlined in *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) and its progeny. Defendant argues that "[w]hen a prosecutor tells the jury that it was unable to present some evidence that it possessed, it encourages the jury to speculate and decide the case on an improper basis." Defendant further contends that "a curative instruction would have been insufficient to remedy the prejudice." The state responds that "the prosecutor's statement was not improper," and that even if it was improper "it is unlikely that the statement deprived defendant of a fair trial."

Having reviewed the prosecutor's statements in their context, we conclude that even if the statements were improper, an issue that we do not decide, "an instruction to disregard the prosecutor's \*\*\* statements would \*\*\* have been 'sufficiently curative to assure a fair trial.'" *State v. Perez*, 373 Or 591, 593, 568 P3d 940 (2025) (quoting *Chitwood*, 370 Or at 312); *see also State v. Durant*, 327 Or App 363, 372, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) ("[E]ven if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction. It follows that defendant has not established plain error.").

As we noted in *State v. Settlemier*, "we must assume that the jury could have followed a curative instruction to disregard the prosecutor's remarks, unless there is 'an overwhelming probability' that it could not have." *State v. Settlemier*, 333 Or App 179, 182, 551 P3d 995 (2024), *rev den*, 373 Or 212 (2025) (quoting *State v. Harris*, 303 Or App 464, 467, 461 P3d 1080, *rev den*, 367 Or 291 (2020)). Furthermore, a "defendant who fails to preserve an error at trial will only prevail on appeal if an appellate court concludes that the defendant was denied a fair trial" and "[t]hat is an exceedingly high bar." *Chitwood*, 370 Or at 328. Considered in context, the prosecutor was referring to evidence that could not be presented to the jury because of the hearsay rule, and the jury had already been instructed regarding the use of hearsay. The jury had also been further instructed that "lawyers' statements and arguments are not evidence." Those previous instructions "countered" the potential impropriety of the prosecutor's statements. *See Settlemier*, 333 Or App at 182 (concluding that a jury instruction that "lawyers' statements were not evidence \*\*\* countered the inappropriate implication of the prosecutor's [closing] statement").

For the purposes of plain-error review, we conclude that "an instruction to disregard [the prosecutor's statements] would \*\*\* have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023).

Affirmed.